# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> THREE PIECES OF JEWELRY <br><br> Defendant. | Case No. __ |

## COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, by its attorneys, Timothy A. Garrison, United States Attorney for the Western District of Missouri, and Stacey Perkins Rock, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is an action to forfeit property to the United States for violations of 21 U.S.C. § 881(a)(1)(6).

## THE DEFENDANTS *IN REM*

2. The following defendant property was seized from a safe deposit box at Bank of America in Federal Way, Washington in the name of Maria G. Clow on May 29, 2018. The defendant property is presently in the custody of the United States Marshals Service in Seattle, Washington.

> One men's 10-karat white gold ring with one brilliant-cut diamond;

One men's imitation Piaget wristwatch, 18-karat gold case and bracelet; and

One men's Icetime wristwatch, stainless steel case and band, imitation stones.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. § 881(a)(1)(6).

4. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

# FACTS

7. In or around January 2018, detectives with King County, Washington, Sheriff's Office (KCSO) conducted surveillance of Darrell Lynch, Jr. (Lynch) in the Federal Way, Washington area. KCSO detectives observed Lynch and Maria Clow (Clow) conduct a drug transaction from a blue Acura MDX.

8. KCSO detectives observed Clow depart a nearby restaurant where Clow and Lynch were waiting.

9. Clow met an unknown male in the restaurant parking lot and both the unknown male and Clow got into the blue Acura MDX.

10. After a short period of time, the unknown male departed and Clow returned to the restaurant with Lynch. Based on KCSO deputies' experience and training, this behavior was consistent with a hand-to-hand narcotics transaction.

11. On May 22, 2018, a federal grand jury sitting in the Western District of Missouri indicted thirteen members of a drug trafficking organization (DTO), including Lynch.

12. On May 24, 2018, pursuant to the federal arrest warrant on the indictment, the Federal Bureau of Investigation (FBI) arrested Lynch at his residence in Federal Way, Washington. Clow was also at the residence when Lynch was arrested.

13. A blue Acura MDX registered to Clow was located in the driveway of the residence.

14. During the execution of the arrest warrant, law enforcement noticed controlled substances and cash in the house. As a result, agents

3

obtained and executed a federal search warrant for the residence that same day, May 24, 2018.

15. During the execution of the search warrant at the residence, agents found utility bills in the name of Clow.

16. Agents also found two safe deposit box keys at the residence. One safe deposit box key was on a key ring which also had a key for the blue Acura MDX registered to Clow. The other safe deposit box key was located in the upstairs master bedroom where Clow was found with Lynch during the execution of the arrest warrant. Agents found a Bank of America account statement in the name of Clow for safe deposit box number a0009 in Federal Way, Washington in the residence.

17. Also during the execution of the search warrant at the residence, agents found evidence of drug trafficking. Agents found approximately 140.7 kilograms of marijuana packaged for shipment, distribution and/or sale, $341,622.01 in United States currency a money counter, a scale, and equipment for packaging marijuana for shipping and distribution in plain view in the upstairs master bedroom.

18. Clow was interviewed incident to the arrest of Lynch and subsequent search at the residence. Clow stated she had no knowledge of the 140.7 kilograms of marijuana in the residence or the bundles of United States currency found in plain view in the residence. Clow further stated she was unemployed and had previously worked as a bartender at the Silver Dollar Casino, 3100 E Valley Rd., Renton, Washington.

19. Investigators were furnished information from the Washington Department of Labor Employment Security Department. Investigators

requested a two year wage history for Clow. The only wage history for Clow was third quarter 2018 wages of $2538.25 from the Orange Cab Company.

20. On May 29, 2018, agents obtained and executed a federal search warrant for the safe deposit box number a0009 located at Bank of America in Federal Way, Washington. The defendant jewelry was located inside the safe deposit box.

21. On July 16, 2018, investigators spoke with Bank of America Operations Manager Andrey Agapov. Agapov stated Clow had sole ownership and access to safe deposit box number a0009.

22. Investigators believe with Clow having no reported wages prior to the jewelry being seized, the jewelry was purchased with the proceeds of narcotics sales of Lynch.

23. Additionally, assets such as jewelry purchased with cash is an effective way of converting narcotics proceeds into tangible assets which retain value and can easily be sold to convert back to currency when needed by the purchaser.

24. A Cooperating Defendant (CD) provided information that at the direction of Lynch, the CD deposited proceeds of narcotics sales into the CD's bank account. Once the CD was back in the Seattle, Washington area, at Lynch's direction, the CD withdrew the proceeds from the CD's bank account and provided the proceeds to Clow.

**CLAIM FOR RELIEF**

FIRST CLAIM FOR RELIEF

25. The Plaintiff repeats and incorporates by reference the paragraphs above.

26. By the foregoing and other acts, the defendant jewelry constitutes moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in in violation of 21 U.S.C. § 801, *et seq.*, and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

SECOND CLAIM FOR RELIEF

27. The Plaintiff repeats and incorporates by reference the paragraphs above.

28. By the foregoing and other acts, the defendant jewelry constitutes proceeds traceable to an exchange of moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 801, *et seq.*, and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

THIRD CLAIM FOR RELIEF

29. The Plaintiff repeats and incorporates by reference the paragraphs above.

30. By the foregoing and other acts, the defendant jewelry constitutes moneys, negotiable instruments, securities, or other things of value used or intended to be used to facilitate any violation of 21 U.S.C. § 801, *et seq.*, and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE the United States prays that the defendant property be forfeited to the United States, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

                              Respectfully submitted,

                              Timothy A. Garrison
                              United States Attorney

By:    */s/ Stacey Perkins Rock*
        Stacey Perkins Rock, #66141
        Assistant United States Attorney
        400 E. 9th Street, Fifth Floor
        Kansas City, Missouri 64106
        Telephone: (816) 426-7173
        E-mail: Stacey.Perkins-Rock@usdoj.gov

# VERIFICATION

I, Special Agent Ben A. Brousil, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Federal Bureau of Investigation, that I have read the foregoing Verified Complaint <u>in Rem</u> and know the contents thereof, and that the factual matters contained in paragraphs seven through 24 of the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the Federal Bureau of Investigation.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated  11/30/18              */s/ Ben A Brousil*
                             Ben A. Brousil
                             Special Agent
                             Federal Bureau of Investigation

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

## CIVIL COVER SHEET

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the Western District of Missouri.

**The completed cover sheet must be saved as a pdf document and filed as an attachment to the Complaint or Notice of Removal.**

**Plaintiff(s):**

First Listed Plaintiff:
United States of America ;
**County of Residence:** Jackson County

**Defendant(s):**

First Listed Defendant:
One men's 10-karat white gold ring with one brilliant-cut diamond ;
**County of Residence:** Outside This District

Additional Defendants(s):
One men's imitation Piaget wristwatch, 18-karat gold case and bracelet ;
One men's Icetime wristwatch, stainless steel case and band, with imitation stones ;

**County Where Claim For Relief Arose:** Jackson County

**Plaintiff's Attorney(s):**

Assistant United States Attorney Stacey Perkins Rock (
United States of America)
United States Attorney's Office
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
**Phone:** 816-426-7173
**Fax:**
**Email:** stacey.perkins-rock@usdoj.gov

**Defendant's Attorney(s):**

**Basis of Jurisdiction:** 1. U.S. Government Plaintiff

**Citizenship of Principal Parties** (Diversity Cases Only)
    **Plaintiff:** N/A
    **Defendant:** N/A

**Origin:** 1. Original Proceeding

**Nature of Suit:** 625 Drug-Related Seizure of Property (21 U.S.C. 881)

**Cause of Action:** The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

**Requested in Complaint**

    **Class Action:** Not filed as a Class Action

    **Monetary Demand (in Thousands):**

    **Jury Demand:** No

    **Related Cases:** Is NOT a refiling of a previously dismissed action

---

**Signature:** Stacey Perkins Rock

**Date: December 3, 2018**

If any of this information is incorrect, please close this window and go back to the Civil Cover Sheet Input form to make the correction and generate the updated JS44. Once corrected, print this form, sign and date it, and submit it with your new civil action.